FILED
SUPERIOR COURT
OF GUAM

2022 APR 18 PM 4:04

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

DAVID Q. MANILA,

                    Petitioner,

    vs.

JOSEPH CARBULLIDO,
In his capacity as Director of Department
of Corrections,

                    Respondent.

Special Proceedings Case No. SP0185-19

**DECISION AND ORDER RE APD'S
MOTION TO WITHDRAW AS
COURT-APPOINTED COUNSEL**

This matter came before the Honorable Dana A. Gutierrez on April 13, 2022 for a hearing on Alternate Public Defender's Motion to Withdraw As Court-Appointed Counsel. Present in person were Petitioner David Q. Manila ("Manila"); Assistant Alternate Public Defender ("APD") Ana Maria Gayle representing Petitioner; and Assistant Attorney General Marianne Woloshuk representing Respondent. Based on the arguments presented and in accordance with applicable law, the Court now issues this Decision and Order **DENYING** APD's Motion to Withdraw As Court-Appointed Counsel.

## BACKGROUND

This case arises out of Manila's Petition for Writ of Habeas Corpus ("Petition") concerning his conviction in Superior Court of Guam Criminal Case No. CF0020-08. The Petition is based on Manila's assertion that his trial counsel's representation in CF0020-08 was constitutionally deficient. Opening Brief, at 6-11.

The Petition was scheduled to be heard on December 14, 2021.[1] At the hearing on December 14, 2021, Attorney Gayle informed the Court that, despite APD's appointment over a year ago on June 24, 2020, she recently discovered that a conflict of interest may exist, and requested a continuance of the Petition Hearing and a Status Hearing. At the Status Hearing on January 19, 2022, Attorney Gayle stated that she had resolved whether or not a conflict of interest existed, that she spoke to "the witness who is named," and stated affirmatively that APD does not have a conflict of interest. Min. Entry, at 11:23:14 AM (Jan 19, 2022).

A hearing on the Petition was scheduled for April 11, 2022. The morning of the hearing, on April 11, 2022, APD filed an *Ex Parte* Motion to Withdraw ("Motion") based on APD's representation of a witness named in Manila's underlying criminal case, CF0020-08. At the April 11, 2022 hearing, the Court set the Motion to be heard on April 13, 2022 and permitted APD to file Supplemental Briefing by April 12, 2022 at 3:00 p.m. Respondent, by and through counsel, stated that they do not oppose the Motion.

APD filed a Supplemental Briefing on April 12, 2022. On April 13, 2022, the Court heard oral argument from Attorney Gayle and took the Motion under advisement. On April 14, 2022, APD submitted a Notice of Supplemental Authority, and Respondent filed a Statement of No Position Re Motion to Withdraw as Court-Appointed Counsel.

## DISCUSSION

APD's Motion states that it must withdraw because APD currently represents a client, Resry Singky (*aka* Riensy Rimuo *aka* Jennifer) ("Singky"), who was named as a witness in Manila's underlying criminal case, CF0020-08. Motion, at 2. Additionally, although not discussed in the Motion, APD noted at the April 13, 2022 hearing that APD was previously

---

[1] See the Order Setting Petition Hearing Date issued on January 24, 2022 for a more detailed procedural history regarding the scheduling of this Petition.

2

appointed to represent Manila's co-defendant, Freda Esuen, in CF0020-08, but had to withdraw due to a conflict of interest unrelated to their representation of Singky. Min. Entry (Apr. 13, 2022). As there are several different alleged conflicts of interests, the Court will address each one separately.

## I.    Alleged Conflict of Interest Based on APD's Representation of Singky.

In Manila's underlying criminal case, Manila was convicted for crimes related to conduct that occurred at what was known as "the Blue House." Opening Brief, at 1-6. The case centered around the Blue House, where it was that the owner, Song Ja Cha ("Cha"), recruited young women from Chuuk to come work at the Blue House and that Cha offered customer's commercial sex with these young women. *Id.* Manila was convicted on numerous charges relating to sex with women working at the Blue House and his involvment with what occurred at the Blue House. *Id.* at 4.[2]

In preparing for Cha's trial, Cha's counsel interviewed Ivory Waren ("Waren"), who previously worked for Cha at the Blue House. *Id.* Waren's statement was that Cha treated her and the other girls well; that the other girls were lying; that every night Cha told the girls not to have sex with customers; and that the other girls never told Waren that they were not allowed to leave. *Id.* Upon learning of this interview, Manila's counsel moved for a new trial arguing that her statement was newly discovered exculpatory evidence. *Id.* at 4-5. At the hearing on the Motion for New Trial, Waren's testimony contradicted the testimony of the People's witnesses at Manila's trial.[3] *Id.*

---

[2] On appeal, the Guam Supreme Court vacated the criminal intimidation conviction, the promoting prostitution convictions, the first and second degree criminal sexual conduct convictions with respect to one victim, S.W., and all of the conspiracy convictions except the most serious (the First Charge, Conspiracy to Commit Kidnapping (As a First Degree Felony)). *See* Judgment, CRA14-007, CF0020-08 (Dec. 31, 2015). On remand, the trial court sentenced Manila based on the remaining charges. *See* Judgment, CF0020-08 (May 15, 2017).

[3] The trial court in CF0020-08 denied Manila's Motion for New Trial holding that the evidence was not "newly discovered," but rather Manila's failure to learn of the evidence sooner was due to trial counsel's

APD's present Motion states that APD currently represents Singky in CM0117-15 and CM1150-14, which are post-conviction and have active bench warrants. Motion, at 2. APD alleges that Singky was one of the workers at the Blue House and her name appears in police reports and discovery as having information regarding Manila. Supp. Briefing, at 2. APD asserts that Singky was the person who recruited Waren to work at Blue House, since Singky is Waren's aunt. *Id.* Singky was listed as a potential witness on the People's December 10, 2012 Witness List, but was not listed on the People's updated Second Amended Witness List filed on March 19, 2013. *Id.*, Exhibit 1. Neither Attorney Woloshuk nor Attorney Gayle knew whether Singky ever testified at Manila's trial. Min. Entry (Apr. 13, 2022).

### A. Singky Is a Former APD Client Because CM0117-15 and CM1150-14 Are Closed.

Because APD alleges that Singky is their current client, APD's Motion is primarily based on Rule 1.7 of the Guam Rules of Professional Conduct ("GRPC") which governs conflicts of interest regarding the representation of current clients. Supp. Briefing, at 4. At the Motion hearing on April 13, 2022, the Court took judicial notice of the proceedings in CM0117-15 and CM1150-14 pursuant to Rule 201 of the Guam Rules of Evidence ("GRE"). Both parties stated they do not object to the Court taking judicial notice of these proceedings. Min. Entry (Apr. 13, 2022).

In CM0117-15, the trial court issued a Notice of Hearing on August 6, 2015 addressed to APD, the Attorney General's Office, and Probation, setting a Further Proceedings hearing for October 1, 2015. At the October 1, 2015 hearing, the trial court orally ordered that the case be closed. Min. Entry (Oct. 1, 2015).

---

lack of due diligence. Opening Brief, at 5. On appeal, the Guam Supreme Court did not reverse the trial court's denial of the Motion for New Trial, but rather noted that the issue of ineffective assistance of counsel would be more properly entertained in a collateral proceeding. *Id.* at 5-6.

In CM1150-14, the trial court held a Return of Warrant Hearing on October 5, 2016. Min. Entry (Oct. 5, 2016). The trial court ordered that Singky serve ten (10) days incarceration, that she be released on October 14, 2016, and that then the case shall be closed. Min. Entry (Oct. 5, 2016). The trial court issued a Commitment Order with an auto-release date of October 14, 2016. Commitment Order (Oct. 5, 2016).

Based on the proceedings and the record described above, this Court finds that there are no active bench warrants for Ms. Singky in either CM0117-15 nor CM1150-14, and that both CM0117-15 and CM1150-14 are closed. Therefore, Singky is not a *current* client of APD in CM0117-15 or CM1150-14, but rather must be considered a *former* client for purposes of evaluating the conflict under the GRPC.

### B. Former Representation of Singky Was Not Substantially Related to This Case.

Rule 1.9 of the GRPC governs a lawyer's duties to former clients. Rule 1.9 provides that:

> A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Thus, the test for disqualification is whether the former representation is "substantially related" to the current representation. *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980). A "substantially related" matter is one that "involves the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." ABA Model R. Prof'l Conduct 1.9, Commentary (2019). In other words, substantiality is present if the factual contexts of the two representations are similar or related. *Trone*, 621 F.2d at 998.

In CM0117-15, Singky was charged with Family Violence and Child Abuse. Mag. Compl., CM0117-15 (Feb. 27, 2015). Neither charge relates to this Habeas proceeding or Manila's underlying criminal case in CF0020-08. *Id.* In CM1150-14, Singky was charged with Public Drunkenness, which is unrelated to both this Habeas proceeding and Manila's underlying criminal case in CF0020-08. Mag. Compl., CM1150-14 (Dec. 28, 2014).

APD's Motion states that if Manila prevails in this Habeas proceedings and a new trial is ordered, Singky will be expected to testify at his retrial. Supp. Briefing, at 4. Thus, APD asserts that "having confided certain matters to APD, Singky should not have to face cross-examination on those issues as the result of APD's representation of Manila." *Id.* at 5. At the April 13, 2022 hearing, Attorney Gayle clarified that these "certain matters" confided to APD were not related in any way to this Habeas proceeding, nor to Manila's underlying criminal case in CF0020-08. Min. Entry (Apr. 13, 2022). Further, Attorney Gayle acknowledged that APD is currently only appointed to represent Manila in this Habeas proceeding, and has not been appointed to represent Manila in the underlying criminal case, CF0020-08. *Id.*

APD's Notice of Supplemental Authority attaches a Decision and Order ("D&O") issued by the Honorable Alberto E. Tolentino in *People v. Mendiola*, Superior Court of Guam Criminal Case No. CF0027-20. In *Mendiola*, the People moved to disqualify APD as counsel for the Defendant charged with crimes stemming from an incident involving a stolen vehicle, which was allegedly witnessed by Jane Belen ("Belen"). *Mendiola*, CF0027-20, D&O, at 1-2 (Apr. 12, 2022). The People's motion was based on the fact that APD previously represented Belen in three separate unrelated criminal cases all resulting in convictions of theft crimes, and although not charged, Belen was present and arrested when the Defendant was apprehended for the crimes charged in CF0027-20. *Id.* at 2, 6. Judge Tolentino ordered APD's disqualification finding that a conflict of interest existed because if Belen were called to testify as a witness in CF0027-20,

6

APD would be required to cross-examine their former client, likely having to ask Belen about cases in which APD represented her as a client. *Id.* at 4, 6.

The present case has important distinctions from the *Mendiola* case. APD does *not* represent Manila in his underlying criminal case, and APD has not alleged that Singky is a potential witness for this Habeas proceeding. Therefore, unlike in *Mendiola*, there is no risk that APD will be required to cross-examine their former client if they continue representing Manila.

This case is more akin to *People v. Cruz*, Superior Court of Guam Criminal Case No. CM0163-18. In *Cruz*, the Honorable Arthur R. Barcinas denied APD's Motion to Withdraw as Court-Appointed Counsel where APD previously represented the reporting witness, Jacqueline Taitano ("Taitano") in an unrelated criminal case, Superior Court of Guam Criminal Case No. CF0287-17, wherein Taitano was not a defendant. *Cruz*, CM0163-18, D&O, at 1-3 (Dec. 13, 2018). In CF0287-17, APD was appointed for the limited purpose to advise Taitano, as a witness in CF0287-17, regarding the effect that immunity could have on her Fifth Amendment rights. *Id.* at 2. Judge Barcinas denied the withdrawal finding that APD's former representation did not substantially relate to their current representation of the Defendant in CM0163-18, and even if APD was privy to confidential information as a result of their former representation of Taitano, APD's current representation of the Defendant was "too attenuated to warrant their disqualification[.]" *Id.* at 3.

The Court emphasizes that the issue before the Court in this Habeas proceeding is distinct from the issues that are before a trial court in a criminal proceeding, and Manila's underlying criminal case is not before this Court. The legal issue before the Court in this Habeas proceeding is whether or not Manila's trial counsel's representation in CF0020-08 was constitutionally deficient such that Manila would be entitled to a new trial. Opening Brief, at 6-11. Thus, similar to *Cruz*, APD's current representation of Manila in a case arising out of an ineffective assistance

7

of counsel claim is too attenuated from their former representation of Singky in wholly unrelated matters to this Habeas proceeding as well as Manila's underlying criminal case to give rise to a conflict of interest.

Based on the facts described above, the Court finds that APD's former representation of Singky in CM0117-15 and CM1150-14 does not involve "the same transaction or legal dispute" at issue in this Habeas proceeding, nor is there a substantial risk that confidential factual information as would normally have been obtained during APD's prior representation of Singky would materially advance Manila's position in this Habeas proceeding. *See* ABA Model R. Prof'l Conduct 1.9, Commentary (2019). Accordingly, this Court may not permit APD's withdrawal based on their former representation of Singky.

## II. Alleged Conflict Based on Former Appointment in CF0020-08.

At the hearing, Attorney Woloshuk noted that APD was previously appointed in the underlying criminal case, CF0020-08. In response to this information, Attorney Gayle stated that APD was appointed to represent a co-defendant, Freda Esuen ("Esuen"), in CF0020-08, but had to withdraw due to a conflict of interest unrelated to their representation of Singky. Min. Entry (Apr. 13, 2022). Attorney Gayle stated that she could not find a copy of the motion to withdraw in CF0020-08, so she was unable to say on exactly what grounds the withdrawal was based, which is why this information was not included in the present Motion. *Id.*

Upon the Court's review of the record in CF0020-08, APD was appointed to represent Esuen on February 26, 2008.[4] Order of Court Appointed Counsel, CF0020-08 (Feb. 26, 2008). On April 7, 2008, APD submitted a Motion to Withdraw As Counsel for Esuen based on their then-current representation of Ador O. Mariano ("Mariano") in a related criminal case, Superior Court of Guam Case No. CM0086-08. Mot. to Withdraw, CF0020-08 (received Apr. 7, 2008).

---

[4] The Court takes judicial notice of the proceedings in CF0020-08 pursuant to Rule 201 of the GRE.

Additionally, Mariano was a witness against Esuen in related District Court case no. CF08-0008. The Court granted APD's withdrawal from CF0020-08 on April 11, 2008. Mot. to Withdraw, Order, CF0020-08 (filed Apr. 11, 2008).

Because the Court granted the withdrawal, Esuen is considered a "former" client under Rule 1.9 of the GRPC, requiring the representation to be "substantially related" to the case at bar in order to disqualify APD from this case. The appointment of APD to represent Esuen lasted a little more than one (1) month.

APD has not demonstrated how this month-long appointment is substantially related to the legal issue before the Court in this Habeas proceeding—that is, whether or not Manila's trial counsel's representation in CF0020-08 was constitutionally deficient such that Manila would be entitled to a new trial. Therefore, the Court finds that the former appointment to represent Esuen is not substantially related to whether or not Manila received constitutionally sufficient legal counsel at trial. Accordingly, the Court may not permit APD's withdrawal based on their short appointment to represent Esuen in CF0020-08.

## III. Alleged Conflict Based On Former Representation of Mariano.

APD's withdrawal from representing Esuen was based on their then-current representation of Mariano in a related criminal case, Superior Court of Guam Case No. CM0086-08 and because Mariano was a witness against Esuen in related District Court case no. CF08-0008. Mot. to Withdraw, CF0020-08 (received Apr. 7, 2008). In CM0086-08, Mariano was charged with Abetting Prostitution (As a Misdemeanor). Mag. Compl., CM0086-08 (Feb. 14, 2008).[5] This case is now closed. *See* Termination Letter, CM0086-08, (Feb. 3, 2010). Because the case is closed, Mariano is considered a "former" client under Rule 1.9 of the GRPC,

---

[5] This Court takes judicial notice of the proceedings in CM0086-08 pursuant to Rule 201 of the GRE.

requiring the representation to be "substantially related" to the case at bar in order to disqualify APD from this case.

At the April 13, 2022 hearing, Attorney Gayle raised that APD previously represented someone arrested at Blue House; however, Attorney Gayle could not say whether this was the reason for APD's withdrawal in CF0020-08. Min. Entry (Apr. 13, 2022). Additionally, Attorney Gayle stated that she could not remember the name of Mariano nor could she find his file in APD's records. *Id.* Like their former representation of Esuen, APD has not demonstrated how this representation of Mariano is substantially related to the legal issue before the Court in this Habeas proceeding—that is, whether or not Manila's trial counsel's representation in CF0020-08 was constitutionally deficient such that Manila would be entitled to a new trial. In other words, the only facts relevant to the proceedings before this Court are facts related to whether or not Manila received constitutionally sufficient legal counsel—not facts as they relate to Manila's guilt or innocence in his underlying criminal case.

In light of this, the Court finds that any former representation of Mariano would not be substantially related to whether or not Manila received constitutionally sufficient legal counsel at trial. Because APD's former representation of Mariano is not substantially related to the legal issue before this Court, the Court may not permit APD's withdrawal based on their representation of Mariano.

In sum, this Court again emphasizes that APD is not appointed to represent Manila in his underlying criminal case, meaning the issue of APD's disqualification in this Habeas proceeding does not depend on whether or not their former representation of the aforementioned clients is substantially related to Manila's underlying criminal case. Rather, the relevant issue is whether APD's former representation of the aforementioned clients is substantially related to whether Manila received constitutionally sufficient legal counsel at trial. While a former representation

10

connected to Manila's underlying criminal case may be relevant, there is no alleged risk that APD would be required to cross-examine their former clients in this Habeas proceeding, and APD has not presented this Court with any facts to show how their former representation of the aforementioned clients ultimately relates to their ability to represent Manila regarding his claim for ineffective assistance of counsel. Therefore, based on the information presented, the Court does not find that a conflict of interest exists sufficient to disqualify APD from this case.

### <u>CONCLUSION</u>

For the foregoing reasons, the Court hereby **DENIES** APD'S *Ex Parte* Motion to Withdraw As Court-Appointed Counsel. The Court further **ORDERS** that a hearing on the Petition shall be held on **April 25, 2022 at 10:30 a.m.** The hearing shall be held **in person**.

**SO ORDERED:** _____APR 1 8 2022_____

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**